UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERONICA BAUGH,

    *Plaintiff*,

v.

UNITED STATES CAPITOL POLICE et al.,

    *Defendants*.

Civil Action No. 22-139 (TJK)

### MEMORANDUM OPINION AND ORDER

Veronica Baugh sued the United States Capitol Police and two of its officers in the Superior Court of the District of Columbia, alleging that those two unnamed officers harassed her several times and asserting several tort claims against all three defendants. After receiving notice of the lawsuit, the Capitol Police removed the case to this Court. Baugh moves to remand, and the Capitol Police moves to dismiss. The Court will deny Baugh's motion to remand because the Capitol Police properly removed this case. The Court will grant the Capitol Police's motion to dismiss as far as the Capitol Police seeks the dismissal of Baugh's claims against it because the Court lacks subject matter jurisdiction over those claims. The Court also lacks subject matter jurisdiction over some of Baugh's claims against the officers, so it will dismiss those claims. Finally, although the Court presently has subject matter jurisdiction over Baugh's other claims against the officers, it will order Baugh to show cause why those claims should not be dismissed for her failure to serve the officers.

**I.    Background**

According to the allegations in her complaint, Baugh is a barber at House Cuts, a barbershop in one of the congressional office buildings near the U.S. Capitol. *See* ECF No. 1-1 ¶¶ 1, 26.

One day in April 2021, Baugh returned to the barbershop from her lunch break to find "Officer X," a Capitol Police officer, in the barbershop waiting to get a haircut. *Id.* ¶¶ 3, 7. Upon seeing Baugh, "Officer X" began "interrogating" Baugh in an "incessant and aggressive" manner about a tattoo she has, after which he left the barbershop. *Id.* ¶¶ 8–13. The next day, while walking into work, Baugh again encountered "Officer X," who grabbed Baugh's purse and "began frantically searching through it." *Id.* ¶¶ 14–17. Another Capitol Police officer, "Officer Y," was with "Officer X," and while "Officer X" searched Baugh's purse "Officer Y" questioned Baugh about her tattoo and told her "'We haven't seen your kind 'round here before,'" which "Baugh interpreted" as a "racial statement." *Id.* ¶¶ 3, 18–20. During this interaction, which lasted about fifteen minutes, the officers "made it clear" that Baugh "was not free to leave." *Id.* ¶¶ 21–22. The next day, while again on her way to work, Baugh once more encountered "Officer X," who "taunt[ed]" Baugh and who Baugh believed was "stalking" her. *Id.* ¶¶ 26–27. Feeling "extremely traumatized" by this series of interactions, Baugh sought therapy. *Id.* ¶¶ 28, 31.

In October 2021, Baugh sued the Capitol Police, Officer X, and Officer Y in the Superior Court of the District of Columbia. *See* ECF No. 1-1 at 1; ECF No. 7-3 at 2.[1] In her complaint, she asserted one count of false imprisonment under District of Columbia law; one count of intentional infliction of emotional distress under District of Columbia law; one count of intrusion upon seclusion under District of Columbia law; one count for Fourth Amendment violations under federal law; one count of negligent hiring, training, and supervision under District of Columbia law; and one count of "respondeat superior." ECF No. 1-1 ¶¶ 32–78. She sought $3.3 million in

---

[1] Previously, Baugh had filed a similar lawsuit in Superior Court, but that suit was dismissed because of her failure to serve the Capitol Police properly. *See* ECF No. 10-1 at 1; Complaint, *Baugh v. U.S. Capitol Police*, 2021 CA 002423 B (D.C. Super. Ct. July 15, 2021); Docket Entry, *Baugh v. U.S. Capitol Police*, 2021 CA 002423 B (D.C. Super. Ct. Oct. 15, 2021).

damages. *Id.* at 12. After suing, Baugh tried to serve only the Capitol Police, and she did so by serving the Attorney General for the District of Columbia. *See* ECF No. 7-3 at 3.

After receiving notice of Baugh's lawsuit, the Capitol Police removed the entire case to this Court under 28 U.S.C. § 1442(a)(1), the "federal officer removal statute." *See* ECF No. 1 at 1; *id.* ¶ 2; *see also* 14C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3726, nn.74, 82.50 & accompanying text (Rev. 4th ed. Apr. 2022 update) ("Wright & Miller"); *K&D LLC v. Trump Old Post Office LLC*, 951 F.3d 503, 506 (D.C. Cir. 2020). Baugh moves to remand the case to Superior Court. *See* ECF No. 5. The Capitol Police opposes remand and moves to dismiss, mainly for lack of subject matter jurisdiction. *See* ECF No. 7.

**II.     Legal Standards**

"When a plaintiff files a motion to remand, the removing defendant bears the burden of proving that removal was proper." *Arenivar v. Manganaro Midatlantic, LLC*, 317 F. Supp. 3d 362, 367 (D.D.C. 2018) (internal quotation marks omitted). In resolving a motion to remand, the Court may consider "evidence outside the pleadings." *See id.*

When considering a motion to dismiss for lack of subject matter jurisdiction, the Court generally must "accept all of the factual allegations in the complaint as true." *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (cleaned up). And the Court "must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Ghaffaru v. Wells Fargo Bank, N.A.*, 6 F. Supp. 3d 24, 28 (D.D.C. 2013) (internal quotation marks omitted). The Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharm.*, 402 F.3d at 1253.

3

**III.     Analysis**

  **A.     The Court Will Deny Baugh's Motion to Remand Because Removal Was Timely**

Baugh moves to have this case remanded to Superior Court because the Capitol Police's removal was untimely under 28 U.S.C. § 1446(b)(1).[2] The Capitol Police argues otherwise. It has the better of the argument.

A civil action brought in the Superior Court of the District of Columbia against a federal agency such as the Capitol Police may be removed to this Court. *See* 28 U.S.C. § 1442(a)(1), (d)(6); *see also id.* § 1451(1); 2 U.S.C. § 1901 *et seq.* The timeframe to effect removal under § 1442(a)(1) is governed by 28 U.S.C. § 1446(b)(1). *See* Wright & Miller, *Fed. Prac. & Proc.* § 3726, n.71 & accompanying text; 16 *Fed. Proc., L. Ed.* § 40:807, n.2 & accompanying text (June 2022 update). Under § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Although "through service or otherwise" might suggest that the thirty-day clock may start to run before the removing party receives formal service, the Supreme Court has held that a defendant's "mere receipt of the complaint unattended by any formal service" does not start the clock. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 356 (1999). Thus, under § 1446(b)(1), the thirty-day clock does not start to run until service is "properly effected" on the defendant. *See Holmes*

---

[2] She also argues that removal was "procedurally deficient" because the Capitol Police filed its notice of removal the day before a hearing was to take place in Superior Court and that removal was "unfair" because her attorney is not a member of the Bar of this Court such that proceeding in this Court might "compromise[] her fundamental right to sue." ECF No. 5 at 2. These "perfunctory" arguments are "unsupported by pertinent authority" and thus are forfeited. *See Cox v. Nielsen*, No. 16-cv-1966 (TNM), 2019 WL 1359806, at *14 (D.D.C. Mar. 26, 2019) (cleaned up). Even if they were not, the Court would have little trouble concluding that they are meritless.

*v. PHI Serv. Co.*, 437 F. Supp. 2d 110, 115–17 (D.D.C. 2006); *accord Cofield v. Corizon, Inc.*, No. 13-cv-1442 (ESH), 2013 WL 6501697, at *1 (D.D.C. Dec. 12, 2013).

Here, the clock never started to run because Baugh did not properly serve the Capitol Police before removal. To do so, Baugh had to serve the United States Attorney for the District of Columbia, the Attorney General of the United States, and the Capitol Police itself. *See* D.C. Super. Ct. R. 4(i)(1)–(2). According to the proof of service Baugh filed in Superior Court before removal, Baugh tried to serve the Capitol Police by serving the Office of the Attorney General for the District of Columbia. *See* ECF No. 7-3 at 3; Affidavit of Service of Summons & Complaint, *Baugh v. U.S. Capitol Police*, No. 2021 CA 003776 B (D.C. Super. Ct. Nov. 18, 2021). This did not effect proper service. Thus, the thirty-day clock under § 1446(b)(1) never started running, and removal was timely.[3]

Baugh asserts that "Defendants were served on November 4, 2021." ECF No. 5 at 1–2. But the evidence of this is the proof of service she filed in Superior Court, which shows only that she tried to serve the Capitol Police by serving the Attorney General for the District of Columbia. *See* ECF No. 7-3 at 5. She also calls the Court's attention to "documented proof" that she "directly served" the Capitol Police in August 2021. ECF No. 10 at 2. But her "documented proof" is a process server's affidavit from her *prior lawsuit*. ECF No. 10-1. This is hardly proof that the Capitol Police was properly served with the pleading on which *this* "action or proceeding is based." *See* 28 U.S.C. § 1446(b)(1).

In short, the evidence shows that the Capitol Police was not "properly served in this case" before removal, and there is "no evidence to the contrary." *See Cofield*, 2013 WL 6501697, at *1.

---

[3] The removing party need not wait for formal service to remove. *See Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11–12 (D.D.C. 2011).

Thus, "the thirty-day time limit for removal" in § 1446(b)(1) "had not even begun to run, let alone lapsed," when the Capitol Police removed the case, so "removal was timely." *See id.*

### B. The Court Will Dismiss Baugh's Claims Against the Capitol Police Because the Court Lacks Subject Matter Jurisdiction over Those Claims

Because this case was properly removed, the Court considers the Capitol Police's motion to dismiss. The Capitol Police makes several arguments for dismissal, including that the Court lacks "derivative jurisdiction" over Baugh's claims against the Capitol Police. *See* ECF No. 7-1 at 8–10. The Court agrees.

The "derivative jurisdiction" doctrine recognizes that the "jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction," so if the court from which a case is removed "lacks jurisdiction of the subject-matter," then "the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922). By statute, "Congress eliminated the doctrine of derivative jurisdiction for removal made pursuant to 28 U.S.C. § 1441." *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (citing 28 U.S.C. § 1441(f)). But "Congress made no such parallel amendment to 28 U.S.C. § 1442." *Robinson v. U.S. Dep't of Health & Human Resources*, No. 21-cv-1644 (CKK), 2021 WL 4798100, at *3 (D.D.C. Oct. 14, 2021). Thus, "district courts in this jurisdiction have unanimously found," along with every "federal court of appeals to address the issue," that "the derivative jurisdiction doctrine applies to cases removed under § 1442(a)." *Id.* This Court follows suit.

Thus, for this Court to have subject matter jurisdiction over Baugh's claims against the Capitol Police, the Superior Court had to have subject matter jurisdiction over them.[4] As explained

---

[4] Courts in this District treat derivative jurisdiction as a form of subject matter jurisdiction. *See, e.g., Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 295–96 (D.D.C. 2017); *Cofield v.*

below, it did not.

The Capitol Police is a federal agency. *See* 2 U.S.C. § 1901 *et seq.*; *see also* ECF No. 1-1 ¶ 2. Thus, it is shielded from suit by the United States' sovereign immunity, which is "jurisdictional in nature," "[a]bsent a waiver" of that immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). And even when that immunity is waived, "the terms" of the waiver "define" a court's "jurisdiction to entertain the suit." *See id.* (internal quotation marks omitted).

Baugh seeks to hold the Capitol Police liable in damages both indirectly under a respondeat superior theory for four torts committed by two of its employees and directly for the tort of negligently hiring, training, and supervising those employees. ECF No. 1-1 ¶¶ 32–78. Baugh has not identified a waiver of sovereign immunity applicable here, and seemingly the only one potentially applicable is in the Federal Tort Claims Act ("FTCA"). *See Richardson v. Yellen*, 167 F. Supp. 3d 105, 113 (D.D.C. 2016). But the FTCA "grants 'exclusive jurisdiction' to the United States district courts" over civil actions under the FTCA. *See Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (quoting 28 U.S.C. § 1346(b)(1)). As a result, "the D.C. Superior Court lacked jurisdiction" over Baugh's claims against the Capitol Police, as does this Court derivatively "even though [it] would normally have jurisdiction over" FTCA claims if filed here originally. *See id.*[5] Thus, the Court must dismiss Baugh's claims against the Capitol Police for lack of subject

---

*United States*, 64 F. Supp. 3d 206, 214–15 (D.D.C. 2014); *McKoy-Shields v. First Wash. Realty, Inc.*, No. 11-cv-1419 (RLW), 2012 WL 1076195, at *1 (D.D.C. Mar. 30, 2012) (citing *Lambert Run Coal Co.*, 258 U.S. at 382). *But cf. Jordan v. United States*, No. 21-cv-2491 (RCL), 2022 WL 1773609, at *2 n.5 (D.D.C. June 1, 2022) ("[S]ome courts [in other circuits] have concluded that the doctrine is more accurately understood not as a limit upon a court's subject matter jurisdiction but rather as a 'mere defect in the process by which a case reaches federal court.'").

[5] Granted, in this case, the Court would lack subject matter jurisdiction over these claims even if the case had originally been filed here because: (1) the "FTCA waives sovereign immunity only for suits against the United States itself," meaning that the Capitol Police "remains immune from suit," *see Hamilton v. United States*, 502 F. Supp. 3d 266, 274 (D.D.C. 2020); *Cox v. Sec'y of Lab.*,

matter jurisdiction.[6]

### C. The Court Will Dismiss Baugh's Official-Capacity Claims Against "Officer X" and "Officer Y" Because the Court Lacks Subject Matter Jurisdiction over Them and Will Order Baugh to Show Cause Why It Should Not Dismiss Her Individual-Capacity Claims Against These Officers for Failing to Serve Them

Baugh brought four tort claims against Officer X and Officer Y: false imprisonment, intentional infliction of emotional distress, intrusion upon seclusion, and a Fourth Amendment constitutional tort. ECF No. 1-1 ¶¶ 32–78. She opened her complaint by specifying that she sued these officers "in their individual capacity." *Id.* at 1. But in several other places, Baugh also asserted that the officers acted "within their official capacity" when interacting with her. *Id.* ¶¶ 41, 44–45, 64. That is, Baugh has asserted her tort claims against these officers alternatively as both individual-capacity and official-capacity claims. *See also* ECF No. 10-1 at 1. That said, the Court lacks subject matter jurisdiction over the official-capacity claims, so it will dismiss them. And though the Court has subject matter jurisdiction over the individual-capacity claims at present,

---

739 F. Supp. 28, 29 (D.D.C. 1990); and (2) Baugh has not even pleaded, let alone shown, that she exhausted her administrative remedies under the FTCA—a "mandatory, jurisdictional prerequisite"—before suing, *see Johnson v. Paragon Sys., Inc.*, 305 F. Supp. 3d 139, 148–49 (D.D.C. 2018); *Peavey v. United States*, 846 F. Supp. 2d 10, 17 (D.D.C. 2012).

[6] Although 28 U.S.C. § 1447(c) provides that "the case shall be remanded" if, following removal, it "appears that the district court lacks subject matter jurisdiction," this "refers to an instance in which a federal court 'lacks subject matter jurisdiction' over a 'case,'" not just some claims in the case. *See Wis. Dep't of Corr. v. Schact*, 524 U.S. 381, 392 (1998). That is, § 1447(c) does not "require a district court to relinquish its . . . jurisdiction over a case with multiple claims" just because it lacks subject matter jurisdiction over one or some of the claims. *See Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1044 (D.C. Cir. 2010); *accord Gardner v. GMAC, Inc.*, 796 F.3d 390, 396 n.5 (4th Cir. 2015). As noted below, the Court has subject matter jurisdiction over some of the claims in this case, so § 1447(c) does not require remand. Thus, the Court will dismiss rather than remand those claims over which it lacks subject matter jurisdiction. *Cf. James v. U.S. Postal Serv.*, 484 F. Supp. 3d 1, 5 (D.D.C. 2020) ("[C]ourts in this jurisdiction, and throughout the country, consistently find that the derivative jurisdiction doctrine compels the dismissal of FTCA claims removed under 28 U.S.C. § 1442(a).").

the Court will order Baugh to show cause why it should not dismiss those claims for failure to serve the two officers.

The Court lacks derivative jurisdiction over the official-capacity claims for the same reason it lacks derivative jurisdiction over the claims against the Capitol Police. "Sovereign immunity bars lawsuits against the United States, its agencies and its employees sued in their official capacities, absent an unambiguous waiver by the federal government." *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017). And the "only waiver of sovereign immunity for torts by government employees" sued in their official capacity "lies in the FTCA." *See Richardson*, 167 F. Supp. 3d at 113. But the FTCA "grants 'exclusive jurisdiction' to the United States district courts" over civil actions under the FTCA. *See Merkulov*, 75 F. Supp. 3d at 130 (quoting 28 U.S.C. § 1346(b)(1)). Thus, "the D.C. Superior Court lacked jurisdiction" over Baugh's official-capacity claims against the officers, as does this Court derivatively "even though [it] would normally have jurisdiction over" FTCA claims if filed here originally. *See id.*[7] Accordingly, the Court will dismiss Baugh's official-capacity claims for lack of subject matter jurisdiction.

As for the individual-capacity claims, the Court has subject matter jurisdiction over them—at least at this point—because "there is no sovereign immunity bar" when "a plaintiff seeks to recover damages from" a federal official sued "in his personal, individual capacity." *See Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984).[8] Even so, the claims cannot proceed because

---

[7] Granted, once again, the Court would lack subject matter jurisdiction over these claims even if the case had originally been filed here. *See supra* note 5.

[8] Of course, if the Attorney General or his delegate were to submit a valid Westfall Act certification, then the United States would be substituted as the defendant, the claims would be governed by the FTCA, and the Court would lose subject matter jurisdiction over them. *See Bannum, Inc. v. Samuels*, 221 F. Supp. 3d 74, 81–86 (D.D.C. 2016).

Baugh never properly served the officers, so the Court "lacks authority to exercise personal jurisdiction" over them. *See Bastani v. Am. Fed'n of Gov't Emps., AFL-CIO*, No. 20-cv-3061 (RDM), 2022 WL 2156998, at *2 (D.D.C. June 14, 2022) (internal quotation marks omitted).[9] While this case was pending in Superior Court, Baugh had to serve the officers by serving them individually, serving the United States Attorney for the District of Columbia, and serving the Attorney General of the United States. *See* D.C. Super. Ct. R. 4(i)(1), (3). The Superior Court docket reflects that Baugh did not even attempt such service—indeed, she did not even obtain summonses to serve the officers. *See Baugh v. U.S. Capitol Police*, No. 2021 CA 003776 B (D.C. Super. Ct. Oct. 18, 2021). Following removal, Baugh had the renewed opportunity to serve the officers, with the deadline to do so reset as of the date of removal. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1); *Workman v. Bissessar*, 275 F. Supp. 3d 263, 268–69 (D.D.C. 2017). The Capitol Police removed this case on January 20, 2022, ECF No. 1 at 2, so Baugh had until April 20, 2022, to serve the officers individually, to serve the United States Attorney for the District of Columbia, and to serve the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1), (3); *id.* 4(m). The docket does not reflect any attempt at such service—again, Baugh did not even obtain summonses to serve the officers.

Because Baugh never served the officers, the Court "on its own after notice to the plaintiff . . . must" either "dismiss the action without prejudice against" them "or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This rule gives district courts "discretion when determining whether to dismiss for failure to timely effect service." *Morrissey v. Mayorkas*, 17

---

[9] The Court expresses no view on whether these individual-capacity claims were adequately pleaded such that they would survive a Rule 12(b)(6) motion to dismiss. *But see* ECF No. 7-1 at 12–14.

F.4th 1150, 1156 (D.C. Cir. 2021). Considering that Baugh had two separate opportunities to serve the officers and that the deadline to effect service for the latter of these opportunities was April 20, 2022, the Court in its discretion will order Baugh to show cause why the Court should not dismiss the individual-capacity claims against the officers—and thus the rest of this case—for failing to serve them.

## IV. Conclusion and Order

For all these reasons, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Remand, ECF No. 5, is **DENIED**;

2. Defendant the U.S. Capitol Police's Motion to Dismiss, ECF No. 7, is **GRANTED** as far as all claims against the Capitol Police are **DISMISSED** for lack of subject matter jurisdiction;

3. Plaintiff's official-capacity claims against Officer X and Officer Y, *see* ECF No. 1-1 ¶¶ 41, 44–45, 64, are **DISMISSED** for lack of subject matter jurisdiction; and

4. Plaintiff shall **SHOW CAUSE** by July 25, 2022, why the Court should not dismiss Plaintiff's individual-capacity claims against Officer X and Officer Y, *see* ECF No. 1-1 at 1, for failing to serve them properly.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 12, 2022